1   Julie M. Holloway (Bar No. 196942)
    julie.holloway@lw.com
2   LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
3   San Francisco, California  94111-6538
    Telephone:  (415) 391-0600
4   Facsimile:  (415) 395-8095

5   Richard G. Frenkel (Bar No. 204133)
    rick.frenkel@lw.com
6   LATHAM & WATKINS LLP
    140 Scott Drive
7   Menlo Park, California 94025-1008
    Telephone:  (650) 328-4600
8   Facsimile:  (650) 463-2600
    Email:  rick.frenkel@lw.com

9

10  Attorneys for Defendant
    ROKU, INC.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  SMARTDATA, S.A.,                    CASE NO. CV 13-01838 SI

17              Plaintiff,

18          v.                          STIPULATED PROTECTIVE ORDER
                                        REGARDING THE DISCLOSURE AND USE
                                        OF DISCOVERY MATERIALS
19  ROKU, INC.,

20              Defendant.              Amended Complaint Filed:

21

22          Plaintiff SmartData, S.A. ("Plaintiff") and Defendant Roku Inc. ("Defendant")

23  anticipate that documents, testimony, or information containing or reflecting confidential,

24  proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or

25  produced during the course of discovery, initial disclosures, and supplemental disclosures in this

26  case and request that the Court enter this Order setting forth the conditions for treating,

27  obtaining, and using such information.

28          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    **PURPOSES AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Patent-in-suit" means U.S. Patent No. 7,158,757, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

1   (f)   "Protected  Material" means any Discovery Material that is designated as

2   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

3   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided

4   for in this Order.  Protected Material shall not include:  (i) advertising materials that have been

5   actually published or publicly disseminated; and (ii) materials that show on their face they have

6   been disseminated to the public.

7   (g)   "Receiving Party" means any Party who receives Discovery Material from

8   a Producing Party.

9   (h)   "Source Code" means computer code, scripts, assembly, object code,

10  source code listings and descriptions of source code, object code listings and descriptions of

11  object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files

12  that describe the hardware design of any ASIC or other chip.

13  3.   **COMPUTATION OF TIME**

14  The computation of any period of time prescribed or allowed by this Order shall be

15  governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

16  4.   **SCOPE**

17  (a)   The protections conferred by this Order cover not only Discovery Material

18  governed by this Order as addressed herein, but also any information copied or extracted

19  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

20  conversations, or presentations by Parties or their counsel in court or in other settings that might

21  reveal Protected Material.

22  (b)   Nothing in this Protective Order shall prevent or restrict a Producing

23  Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

24  Order shall preclude any Producing Party from showing its Protected Material to an individual

25  who prepared the Protected Material.

26  (c)   Nothing in this Order shall be construed to prejudice any Party's right to

27  use any Protected Material in court or in any court filing with the consent of the Producing Party

28  or by order of the Court.

1        (d)     This Order is without prejudice to the right of any Party to seek further or

2  additional protection of any Discovery Material or to modify this Order in any way, including,

3  without limitation, an order that certain matter not be produced at all.

4       5.    **DURATION**

5        Even after the termination of this case, the confidentiality obligations imposed by this

6  Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

7  otherwise directs.

8       6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

9        (a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case

10  or any related appellate proceeding, and not for any other purpose whatsoever, including without

11  limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

12  proceedings, or any business or competitive purpose or function.  Protected Material shall not be

13  distributed, disclosed or made available to anyone except as expressly provided in this Order.

14        (b)     <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing

15  Party, any person on behalf of the Plaintiff or Defendant who receives one or more items

16  designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly,

18  in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting,

19  editing, and/or amending of patent applications, specifications, claims, and/or responses to office

20  actions, or otherwise affecting the scope of claims in patents or patent applications relating to the

21  functionality, operation, and design of modular computers that include three physically separate

22  modules including a portable central unit with storage, an input device including an interface for

23  wireless communication with a remote network, and a display and/or sound reproduction means

24  (generally or as described in any patent in suit), before any foreign or domestic agency, including

25  the United States Patent and Trademark Office; and (ii) the acquisition of patents (including

26  patent applications), or the rights to any such patents or patent applications with the right to

27  sublicense, relating to the functionality, operation, and design of modular computers that include

28  three physically separate modules including a portable central unit with storage, an input device

1  including an interface for wireless communication with a remote network, and a display and/or

2  sound reproduction means.  These prohibitions shall begin when access to "CONFIDENTIAL –

3  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY –

4  SOURCE CODE" materials are first received by the affected individual, and shall end two (2)

5  years after the final resolution of this action, including all appeals.

6            (c)   <u>Secure Storage</u>.  Protected Material must be stored and maintained by a

7  Receiving Party at a location and in a secure manner that ensures that access is limited to the

8  persons authorized under this Order.

9            (d)   <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective

10  Order shall be construed to prevent counsel from advising their clients with respect to this case

11  based in whole or in part upon Protected Materials, provided counsel does not disclose the

12  Protected Material itself except as provided in this Order.

13            (e)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing

14  Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

15  way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become

16  publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or

17  known to the Receiving Party independent of the Producing Party; (iii) previously produced,

18  disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without

19  an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

20  Producing Party; or (v) pursuant to order of the Court.

21       7.   **DESIGNATING PROTECTED MATERIAL**

22            (a)   <u>Available Designations</u>.  Any Producing Party may designate Discovery

23  Material with any of the following designations, provided that it meets the requirements for such

24  designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

26  CODE."

27            (b)   <u>Written Discovery and Documents and Tangible Things</u>.  Written

28  discovery, documents (which include "electronically stored information," as that phrase is used

1   in Federal Rule of Procedure 34), and tangible things that meet the requirements for the

2   confidentiality designations listed in Paragraph 7(a) may be so designated by placing the

3   appropriate designation on every page of the written material prior to production.  For digital

4   files being produced, the Producing Party may mark each viewable page or image with the

5   appropriate designation, and mark the medium, container, and/or communication in which the

6   digital files were contained.  In the event that original documents are produced for inspection, the

7   original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8   during the inspection and re-designated, as appropriate during the copying process.

9          (c)   <u>Native Files</u>.  Where electronic files and documents are produced in native

10  electronic format, such electronic files and documents shall be designated for protection under

11  this Order by appending to the file names or designators information indicating whether the file

12  contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

13  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," material, or

14  shall use any other reasonable method for so designating Protected Materials produced in

15  electronic format.  When electronic files or documents are printed for use at deposition, in a

16  court proceeding, or for provision in printed form to an expert or consultant pre-approved

17  pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend

18  to the printed document corresponding to the designation of the Designating Party and including

19  the production number and designation associated with the native file.  No one shall seek to use

20  in this litigation a .tiff, pdf or other image format version of a document produced in native file

21  format without first (1) providing a copy of the image format version to the Producing Party so

22  that the Producing Party can review the image to ensure that no information has been altered, and

23  (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably

24  withheld.

25          (d)   <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may

26  designate depositions and other testimony with the appropriate designation by indicating on the

27  record at the time the testimony is given or by sending written notice of how portions of the

28  transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the

testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if  it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate

1  paralegals and staff, and any copying or clerical litigation support services working at the

2  direction of such counsel, paralegals, and staff;

3          (ii)     Not more than three (3) representatives of the Receiving Party who

4  are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel

5  for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is

6  reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound

7  by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved

8  objections to such disclosure exist after proper notice has been given to all Parties as set forth in

9  Paragraph 12 below;

10         (iii)    Any outside expert or consultant retained by the Receiving Party to

11  assist in this action, provided that disclosure is only to the extent necessary to perform such

12  work; and provided that:  (a) such expert or consultant has agreed to be bound by the  provisions

13  of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

14  current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated  at

15  the time of retention to become an officer, director or employee of a Party or of a competitor of a

16  Party; and (c) no unresolved objections to such disclosure exist after proper notice has been

17  given to all Parties as set forth in Paragraph 12 below;

18         (iv)     Court reporters, stenographers and videographers retained to

19  record testimony taken in this action;

20         (v)      The Court, jury, and court personnel;

21         (vi)     Graphics, translation, design, and/or trial consulting personnel,

22  having first agreed to be bound by the provisions of the Protective Order by signing a copy of

23  Exhibit A;

24         (vii)    Mock jurors who have signed an undertaking or agreement

25  agreeing not to publicly disclose Protected Material and to keep any information concerning

26  Protected Material confidential;

27         (viii)   Any mediator who is assigned to hear this matter, and his or her

28  staff, subject to their agreement to maintain confidentiality to the same degree as required by this

1   Protective Order; and Party; and

2       (ix) Any other person with the prior written consent of the Producing

3   Party.

4     9. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL**

5       **ATTORNEYS' EYES ONLY"**

6       (a) A Producing Party may designate Discovery Material as

7   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

8   extremely confidential and/or sensitive in nature and the Producing Party reasonably believes

9   that the disclosure of such Discovery Material is likely to cause economic harm or significant

10  competitive disadvantage to the Producing Party.  The Parties agree that the following

11  information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information,

13  sales or marketing forecasts or plans, business plans, sales or marketing strategy, product

14  development information, engineering documents, testing documents, employee information, and

15  other non-public information of similar competitive and business sensitivity.

16      (b) Unless otherwise ordered by the Court, Discovery Material designated as

17  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

18      (i) The Receiving Party's Outside Counsel, provided that such

19  Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v.*

20  *United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a

21  Party, and such Outside Counsel's  immediate paralegals and staff, and any copying or clerical

22  litigation support services working at the direction of such counsel, paralegals, and staff;

23      (ii) With respect to Discovery Material produced by the Plaintiff, not

24  more than three (3) in-house counsel of the Receiving Party, as well as their immediate

25  paralegals and staff to whom disclosure is reasonably necessary for this case, provided that:  (a)

26  each such person has agreed to be bound by the provisions of the Protective Order by signing a

27  copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice

28  has been given to all Parties as set forth in Paragraph 12 below;

1    (iii)    Any outside expert or consultant retained by the Receiving Party to

2    assist in this action, provided that disclosure is only to the extent necessary to perform such

3    work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions

4    of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

5    current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at

6    the time of retention to become an officer, director, or employee of a Party or of a competitor of

7    a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined

8    by *U.S.  Steel  v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or

9    a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper

10   notice has been given to all Parties as set forth in Paragraph 12 below;

11   (iv)    Court reporters, stenographers and videographers retained to

12   record testimony taken in this action;

13   (v)    The Court, jury, and court personnel;

14   (vi)    Graphics, translation, design, and/or trial consulting personnel,

15   having first agreed to be bound by the provisions of the Protective Order by signing a copy of

16   Exhibit A;

17   (vii)    Any mediator who is assigned to hear this matter, and his or her

18   staff, subject to their agreement to maintain confidentiality to the same degree as required by this

19   Protective Order; and

20   (viii)    Any other person with the prior written consent of the Producing

21   Party.

22   10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

23   **OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

24   (a)    To the extent production of Source Code becomes necessary to the

25   prosecution or defense of the case, a Producing Party may designate Source Code as

26   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it

27   comprises or includes confidential, proprietary, and/or trade secret Source Code.

28   (b)    Nothing in this Order shall be construed as a representation or admission

1  that Source Code is properly discoverable in this action, or to obligate any Party to produce any

2  Source Code.

3            (c)       Unless otherwise ordered by the Court, Discovery Material designated as

4  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be

5  subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to

6  Paragraph 11 below, solely to:

7            (i)       The Receiving Party's Outside Counsel, provided that such Outside

8  Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United*

9  *States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party,

10  and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation

11  support services working at the direction of such counsel, paralegals, and staff;

12            (ii)       Any outside expert or consultant retained by the Receiving Party to

13  assist in this action, provided that disclosure is only to the extent necessary to perform such

14  work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions

15  of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

16  current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at

17  the time of retention to become an officer, director or employee of a Party or of a competitor of a

18  Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by

19  *U.S. Steel  v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

20  competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper

21  notice has been given to all Parties as set forth in Paragraph 12 below;

22            (iii)       Court reporters, stenographers and videographers retained to

23  record testimony taken in this action;

24            (iv)       The Court, jury, and court personnel;

25            (v)       Any mediator who is assigned to hear this matter, and his or her

26  staff, subject to their agreement to maintain confidentiality to the same degree as required by this

27  Protective Order; and

28            (vi)       Any other person with the prior written consent of the  Producing

Party.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Northern California office of its outside counsel.  Any Source Code that is produced by Roku will be made available for inspection at the Menlo Park office of its outside counsel, Latham & Watkins.  Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide two (2) business day's notice prior to any additional inspections. The Receiving Party has no obligation to identify to the Producing Party the portions of the Source Code that it intends to review in a particular review session.

(c)    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection  (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an

appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which  the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise  provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including testifying expert's expert report).  Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code

1  electronically on the Source Code Computer, as the Parties acknowledge and agree that the

2  purpose of the protections herein would be frustrated by printing portions of code for review and

3  analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or

4  pleadings or other papers (including a testifying expert's expert report).  Upon printing any such

5  portions of Source Code, the printed pages shall be collected by the Producing Party.  The

6  Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE

7  ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.

8  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to

9  the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are

10  excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the

11  Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall

12  be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly

13  tailored and was printed for a permitted  purpose.  The burden shall be on the Receiving Party to

14  demonstrate that such printed portions are no more than is reasonably necessary for a permitted

15  purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed

16  pages shall constitute part of the Source Code produced by the Producing Party in this action.

17          (vi)     All persons who will review a Producing Party's Source Code on

18  behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be

19  identified in writing to the Producing Party at least five (5) days in advance of the first time that

20  such person reviews such Source Code.  Such identification shall be in addition to any other

21  disclosure required under this Order.  All persons viewing Source Code shall sign on each day

22  they view Source Code a log that will include the names of persons who enter the locked room to

23  view the Source Code and when they enter and depart.  The Producing Party shall be entitled  to

24  a copy of the log upon one (1) day's advance notice to the Receiving Party.

25          (vii)    Unless otherwise agreed in advance by the Parties in writing,

26  following each day on which inspection is done under this Order, the Receiving Party's outside

27  counsel and/or experts shall remove all notes, documents, and all other materials from the Source

28  Code Review Room.  The Producing Party shall not be responsible for any items left in the room

following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xi)   For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identity the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the

Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

12.    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in

1   Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the

2   Party seeking to disclose such information shall provide the Producing Party with written notice

3   that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an

4   identification of all of the Person's past and current employment and consulting relationships,

5   including direct relationships and relationships through entities owned or controlled by the

6   Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the

7   Person has testified at deposition or trial within the last five (5) years.  Said written notice shall

8   include an identification of any individual or entity with or for whom the person is employed or

9   to whom the person provides consulting services relating to the design, development, operation,

10  or patenting of modular computers, such as those including a portable central unit with storage,

11  an input device including an interface for wireless communication with a remote network, and a

12  display and/or sound reproduction means, or relating to the acquisition of intellectual property

13  assets relating to modular computers, such as those including a portable central unit with storage,

14  an input device including an interface for wireless communication with a remote network, and a

15  display and/or sound reproduction means.  The Party seeking to disclose Protected Material shall

16  provide such other information regarding the Person's professional activities reasonably

17  requested by the Producing Party for it to evaluate whether good cause exists to object to the

18  disclosure of Protected Material to the outside expert or consultant.  During the pendency of this

19  action, including all appeals, the Party seeking to disclose Protected Material shall immediately

20  provide written notice of any change with respect to the Person's involvement in the design,

21  development, operation or patenting of modular computers, such as those including a portable

22  central unit with storage, an input device including an interface for wireless communication with

23  a remote network, and a display and/or sound reproduction means, or the acquisition of

24  intellectual property assets relating to modular computers, such as those including a portable

25  central unit with storage, an input device including an interface for wireless communication  with

26  a remote network, and a display and/or sound reproduction means.

27              (b)      Within ten (10) calendar days of receipt of the disclosure of the Person,

28  the Producing Party or Parties may object in writing to the Person for good cause.  In the absence

of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If  relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following  the objection  and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed

1  shall immediately give prompt written notice thereof to every Party who has produced such

2  Discovery Material and to its counsel and shall provide each such Party with an opportunity to

3  move for a protective order regarding the production of Protected Materials implicated by the

4  subpoena.

5      15.   **FILING PROTECTED MATERIAL**

6          (a)     Absent written permission from the Producing Party or a court Order

7  secured after appropriate notice to all interested persons, a Receiving Party may not file or

8  disclose in the public record any Protected Material.

9          (b)     Any Party must comply with Local Rule 79-5 to file under seal with the

10  Court any brief, document or materials that are designated as Protected Material under this

11  Order.  However, nothing in this section shall in any way limit or detract from this Order's

12  requirements as to Source Code.

13     16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

14          (a)     The inadvertent production by a Party of Discovery Material subject to the

15  attorney-client privilege, work-product protection, or any other applicable privilege or

16  protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material

17  prior to production, will not waive the applicable privilege and/or protection if a request for

18  return of such inadvertently produced Discovery Material is made promptly after the Producing

19  Party learns of its inadvertent production.

20          (b)     Upon a request from any Producing Party who has inadvertently produced

21  Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

22  immediately return such Protected Material or Discovery Material and all copies to the

23  Producing Party, except tor any pages containing privileged markings by the Receiving Party

24  which shall instead be destroyed and certified as such by the Receiving Party to the Producing

25  Party.

26          (c)     Nothing herein shall prevent the Receiving Party from preparing a record

27  for its own use containing the date, author, addresses, and topic of the inadvertently produced

28  Discovery Material and such other information as is reasonably necessary to identity the

1    Discovery Material and describe its nature to the Court in any motion to compel production of

2    the Discovery Material.

3        17.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

4        (a)    The inadvertent failure by a Producing Party to designate Discovery

5    Material as Protected Material with one of the designations provided for under this Order shall

6    not waive any such designation provided that the Producing Party notifies all Receiving Parties

7    that such Discovery Material is protected under one of the categories of this Order within

8    fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The

9    Producing Party shall reproduce the Protected Material with the correct confidentiality

10   designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving

11   the Protected Material with the correct confidentiality designation, the Receiving Parties shall

12   return or securely destroy, at the Producing Party's option, all Discovery Material that was not

13   designated properly.

14       (b)    A Receiving Party shall not be in breach of this Order for any use of such

15   Discovery Material before the Receiving Party receives such notice that such Discovery Material

16   is  protected under one of the categories of this Order, unless an objectively reasonable person

17   would have realized that the Discovery Material should have been appropriately designated with

18   a confidentiality designation under this Order.  Once a Receiving Party has received notification

19   of the correct confidentiality designation for the Protected Material with the correct

20   confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to

21   the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the

22   terms of this Order.

23       (c)    Notwithstanding the above, a subsequent designation of

24   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

25   "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going

26   forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL,"

27   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY – SOURCE CODE" materials while the materials were not marked

1 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS'

2 EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

3       18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

4        (a)    In the event of a disclosure of any Discovery Material pursuant to this

5 Order to any person or persons not authorized to receive such disclosure under this Protective

6 Order, the Party responsible for having made such disclosure, and each Party with knowledge

7 thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has

8 been disclosed and provide to such counsel all known relevant information concerning the nature

9 and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take

10 all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure

11 that no further or greater unauthorized disclosure and/or use thereof is made.

12        (b)    Unauthorized or inadvertent disclosure does not change the status of

13 Discovery Material or waive the right to hold the disclosed document or information as

14 Protected.

15       19.     **FINAL DISPOSITION**

16        (a)    Not later than ninety (90) days after the Final Disposition of this case,

17 each Party shall return all Discovery Material of a Producing Party to the respective outside

18 counsel of the Producing Party or destroy such Material, at the option of the Producing Party.

19 For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal

20 finally terminating the above-captioned action with prejudice, including all appeals.

21        (b)    All Parties that have received any such Discovery Material shall certify in

22 writing that all such materials have been returned to the respective outside counsel of the

23 Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material,

24 outside counsel may retain one set of pleadings, correspondence and attorney and consultant

25 work product (but not document productions) for archival purposes, but must return any

26 pleadings, correspondence, and consultant work product that contain Source Code.

27       20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

28        (a)    Absent good cause, drafts of reports of testifying experts, and reports and

other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)-(g)  shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Protective Order, include Paragraphs 20(a)-(g), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the

1   Parties do not waive the right to argue that certain material may require additional or different

2   confidentiality protections than those set forth herein.

3           (b)    <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that

4   the terms of this Protective Order shall survive and remain in effect after the Final Determination

5   of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of

6   this matter to hear and resolve any disputes arising out of this Protective Order.

7           (c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their

8   attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

9   representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

10   experts, and any persons or organizations over which they have direct control.

11           (d)    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

12   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

13   producing any information or item.  Similarly, no Party waives any right to object on any ground

14   to use in evidence of any of the material covered by this Protective Order.  This Order shall not

15   constitute a waiver of the right of any Party to claim in this action or otherwise that any

16   Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not

17   admissible in evidence in this action or any other proceeding.

18           (e)    <u>Burdens of  Proof</u>.  Notwithstanding anything to the contrary above,

19   nothing in this Protective Order shall be construed to change the burdens of proof or legal

20   standards applicable in disputes regarding whether particular Discovery Material is confidential,

21   which level of confidentiality is appropriate, whether disclosure should be restricted, and if so,

22   what restrictions should apply.

23           (f)    <u>Modification by Court</u>.  This Order is subject to further court order based

24   upon public policy or other considerations, and the Court may modify this Order *sua sponte* in

25   the interests of justice.  The United States District Court for the Northern District of California is

26   responsible for the interpretation and enforcement of  this Order.  All disputes concerning

27   Protected Material, however designated, produced under the protection of this Order shall be

28   resolved by the United States District Court for the Northern District of California.

1          (g)     <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change

2    in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for

3    the United States District Court for the Northern District of California, or the Court's own

4    orders.  Identification of any individual pursuant to this Protective Order does not make that

5    individual available for deposition or any other form of discovery outside of the restrictions and

6    procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District

7    Court for the Northern District of California, or the Court's own orders.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ATTESTATION CLAUSE**

I, Richard G. Frenkel, hereby attest in accordance with General Order No. 45.X(B) that Larisa Migachyov, counsel for Plaintiff SmartData, S.A., has provided his concurrence with the electronic filing of the foregoing document entitled STIPULATED PROTECTIVE ORDER.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  July 19, 2013                  /s/ Richard G. Frenkel
                                       Attorneys for Defendant

                                       /s/ Larisa Migachyov
DATED:  July 19, 2013                  Attorneys for Plaintiff

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   7/23/13

                                       Susan Illston
                                       United States District Judge

EXHIBIT A

I,_____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in SmartData,  S.A. v. Roku, Inc., United States District Court, Northern District of California, San Francisco Division, Civil Action No. CV 13-01838 SI.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]